PeR Cukiam.
Orne, the defendant in error, filed his bill in the vice-chancellor’s court, for a specific performance. He alleges in the bill, that in November, 1836, he sold to Dollahite a tract of land, taking therefor his two promissory notes, the one due in twelve, and the other in eighteen months. At the time of the'sale, he gave to Dollahite a bond, obliging himself to make a title in fee simple, on payment of the purchase-money, but took no security for the money other-than the notes, which now amount to $3198, principal and interest, which Dollahite has wholly failed' to pay, although long since due. He avers that he is ready and willing to make a title, upon the payment of the purchase-money. It is also alleged in the bill, that Dollahite had sold part of the land to one Trigg, and another part to one Doty, both of whom are made defendants. The prayer is for a specific performance, and on default of payment, that the land 'be sold.
Dollahite and Trigg demurred, and Doty answeréd, disclaiming ownership. The vice-chancellor overruled the demurrer, and the defendants failing to answer, a pro confesso, was taken, and a final decree made, that the defendants should pay the purchase-money, or, in default, that the land should be sold.
The case has been submitted without argument, on the-part of the plaintiffs in error. They probably rely on a supposed inability, in a vendor of land, to coerce a specific performance; and it seems to have been formerly so thought. His remedy being for the purchase-money only, was thought to be ample at law. A writer of high' authority seems to treat this notion as now entirely abandoned, and accordingly holds the modern rule to be, that either party may file a bill for specific performance, or bring an action at law at his election. Sugden on Vendors, 261, 262, 263. This rule seems to have been adopted and acted on, without any doubt as to its propriety, in the case of Morton v. Harrison, cited from Bland’s Chancery Reports. Contracts for the sale of land seem to confer mutual rights and *592 mutual remedies ; either party may coerce performance, or either party may rescind, in case the other is not able to perform. In good faith, each party should perform his contract; and it is, in part, for the purpose of compelling an observance of good faith, that a court of chancery entertains jurisdiction. The propriety and justice of this rule become manifest, when the nature of the contract is considered. Orne agreed to sell to Dollahite, but withheld the conveyance, for his own security, until the purchase-money should be paid. The land was to stand as a security, for the payment. He wishes to perform his contract, and it would operate as a great hardship on him, to drive him first to a legal remedy, which could not operate on his security, and might, therefore, turn out to be unproductive, before he ban be allowed to subject the land to the payment of the purchase-money. This would be a departure from the true spirit and intention of the contract. The intention of the parties, in such a contract as this,* can only be carried out in a court of chancery; there full justice can be done, in the first instance, whereas, if the vendor is driven to his remedy at law, he is compelled to change his security, and seek a redress which may be uncertain, instead of having a certain'and speedy remedy. The vendor stands in the attitude of a mortgagee. He holds a lien on the land, for the payment of the purchase-money, and may enforce his lien by a bill for a specific performance.
The decree of the vice-chancellor is affirmed.
Mr. Justice Clayton, having been counsel below, gave no opinion.